UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., et al., | CASE NO. 1:20-CV-0981 AWI SKO |
| **Plaintiffs** | |
| v. | **ORDER ON DEFENDANTS' MOTION TO STRIKE AND PLAINTIFF'S MOTION TO STRIKE** |
| **TRIWOLF MEDIA, LLC, et al.,** | |
| **Defendants** | (Doc. Nos. 22, 28) |

This is a copyright dispute. Currently before the Court are Defendant Triwolf Media, LLC's and Tango Multimedia Productions, LLC's (collectively "T&T") motion to strike under Cal. Code Civ. P. § 425.16 ("Slapp Motion")[1] and Plaintiffs' motion to strike T&Ts reply/notice of non-opposition.

*Background*

On September 28, 2020, T&T filed an answer to the Complaint.

On October 2, 2020, T&T filed their Slapp Motion.

On October 19, 2020, Plaintiffs filed a First Amended Complaint ("FAC").

On November 2, 2020, T&T filed what is identified on the docket as a "reply" but that is actually styled on the document itself as a notice of non-opposition. See Doc. No. 24. The notice explained that Plaintiffs had failed to file an opposition to the Slapp Motion, the attempted filing

---

[1] The Slapp Motion sought to strike claims 5, 6, 7, 8, 9, 10, and 14 from the Complaint.

of the FAC was ineffective because Defendants Platino Records, Inc. and Alberto Mitchell had filed answers to the complaint on September 8, 2020, and that Plaintiffs had voluntarily dismissed two of the claims (money had and received and equitable estoppel) that were subject to the Slapp Motion because they were not included in the FAC. T&T argues that it is entitled to attorneys' fees relating to the two dismissed claims. See id.

Also on November 2, 2020, T&T filed an answer to the FAC.

The Court took T&T's motion to dismiss under submission on November 4, 2020.

On November 5, 2020, Plaintiffs filed a stipulation with Platino Records and Alberto Mitchell under Rule 15 for the filing of the FAC.

On November 6, 2020, Plaintiffs filed their motion to strike T&T's notice of non-opposition. See Doc. No. 28. Plaintiffs argue that their FAC was filed as a matter of course under Rule 15(a) because it was filed within 21 days of T&T's answer and it supersedes the original complaint. Plaintiffs argue that T&T's notice of non-opposition should be stricken because it is contrary to Plaintiffs' actions under Rule 15(a). Further, Plaintiff argues that attorneys' fees are not appropriate because T&T is not a prevailing party and to grant fees is contrary to the policies of Rule 15(a). Plaintiffs argue that the two district court cases cited by T&T in their notice of non-opposition are inapposite and not controlling.

On November 9, 2020, the Magistrate Judge signed an order giving effect to the stipulation between Plaintiffs and Platino Records and Mitchell.

No further filings have been made.

*Discussion*

After review, the Court concludes that the FAC was properly filed as a matter of right. Under Rule 15(a)(1)(B), "A party may amend its pleading once as a matter of course: . . . (B) if the pleading is one to which a responsible pleading is required, 21 days after service of a responsive pleading . . . ." This rule confers upon a party a right to amend, the only limitations being those found within Rule 15(a)(1) itself. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1007-08 (9th Cir. 2015). Some courts have used the term "absolute right" in describing a party's ability to amend under Rule 15(a)(1). E.g. In re Alfes, 709 F.3d 631, 639 (6th Cir. 2013); Galustian v.

1  Peter, 591 F.3d 724, 730 (4th Cir. 2010); James Hurson Assocs., Inc. v. Glickman, 229 F.3d 277,
2  282-83 (D.C. Cir. 2000).  "[A]n amended complaint supersedes the original, the latter being
3  treated thereafter as non-existent" and as no longer performing any function in the case.  Ramirez,
4  806 F.3d at 1008; see also Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546
5  (9th Cir. 1989).

6  Here, Plaintiffs filed their FAC on the twenty-first day after T&T filed their answer.
7  Therefore, the FAC was timely under Rule 15(a)(1)(B) with respect T&T.[2]  Because the FAC was
8  timely filed, the FAC is the operative complaint, and the original complaint is now non-existent
9  and performs no function in this case as to T&T.[3]  See id.  Because T&T's Slapp motion is
10 attacking a now non-existent complaint, the Slapp motion is moot.  See Ramirez, 806 F.3d at
11 1008; Hal Roach Studios, 896 F.2d at 1546.

12 As for T&T's notice of non-opposition, there are two issue that need to be addressed:
13 attorneys' fees and the propriety of the filing.

14 First, the Court will not grant attorneys' fees or costs in favor of T&T.  It is true that
15 through their omission from the FAC, Plaintiffs are no longer proceedings on two of the seven
16 claims that were the subject of T&T's Slapp motion.  See Canal Ins. Co. v. Coleman, 625 F.3d
17 244, 246 n.2 (5th Cir. 2010) (declining to address arguments regarding an insurance policy
18 because the policy hand not been included in an amended complaint and "were no longer a part of
19 this lawsuit."); cf. Lacey v. Maricopa Cnty, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("But for
20 any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").
21 However, the Court has not actually addressed the merits of Defendants' Slapp motion and it
22 never will because that motion pertains solely to a non-existent complaint.  Moreover, T&T has

---

[2] The fact that the FAC was filed more than twenty-one days with respect to Platino Records and Mitchell's answer does not affect the ability of Plaintiffs to amend as a matter of course with respect to claims and allegations involving T&T.  "[I]f the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer."  Williams v. Board of Regents of Univs Sys. of Ga., 477 F.3d 1218, 1291 (11th Cir. 2007); see also Boyd v. Santa Cruz, 2015 U.S. Dist. LEXIS 71340, *11 (N.D. Cal. June 1, 2015); Ramirez v. Silgan Containers, 2007 U.S. Dist. LEXIS 34825, *10 (E.D. Cal. Apr. 26, 2007).

[3] Because Platino Records consented to the filing of the FAC through a stipulation that has been approved by the Magistrate Judge, the FAC is now operative against Platino Records and Mitchell.  See Fed. R. Civ. P. 15(a)(2).  Therefore, the original complaint is now fully non-existent and the FAC applies to all parties.

cited no cases that are in a sufficiently comparable procedural posture.[4] The key is Rule 15(a)(1)(B). That rule provides a right for Plaintiffs to amend their complaint. The only applicable limitations to a party exercising that right are the time limitations found in the rule itself. See Ramirez, 806 F.3d at 1007-08. Nothing in Rule 15 addresses the effect of a Slapp motion filed in between an answer and a timely amended complaint. The Ninth Circuit has warned against permitting Cal. Code Civ. P. § 425.16 to collide with Rule 15(a)'s policy of liberal amendment.[5] See Verizon Delaware, Inc. v. Covad Communications Co., 377 F.3d 1081, 1091 (9th Cir. 2004). Permitting T&T to recover fees and costs simply because Plaintiffs exercised their right under Rule 15(a)(1)(B) would effectively place a limitation and penalty on the exercise of a right that is often viewed as "absolute." The Court sees very little difference between the improper collision in *Verizon Delaware* and the collision with Rule 15(a)(1)(B) in this case. Because of the language of Rule 15(a)(1)(B) and the liberal policies embedded with Rule 15(a), and in the absence of any on point contrary authority cited by T&T, the Court will not award attorneys' fees and costs to T&T. Cf. id.

Second, the Court disagrees with the substance of T&T's notice of non-opposition. The notice is literally true in part because Plaintiffs did not file an opposition to T&T's Slapp motion. The notice goes beyond a mere notice, however, by arguing that the FAC is ineffective and that T&T is entitled to attorneys' fees. Nevertheless, the Court has rejected both of those arguments through this order. Merely because the Plaintiffs disagree with the legal arguments and positions raised in the notice is not a sufficient basis to strike it. It is enough that the Court is rejecting T&T's arguments. Plaintiffs' request to strike the notice of non-opposition will be denied.

//

//

---

[4] T&T has cited *eCash Techs., Inc. v. Guagliardo*, 127 F.Supp.2d 1069 (C.D. Cal. 2000) and *Complex Media, Inc. v. X17, Inc.*, 2019 WL 2896117 (C.D. Cal. 2019). Neither *eCash Techs.* nor *Complex Media* involved amendments under Rule 15(a)(1)(B). Further, as district court cases, *eCash Techs.* and *Complex Media* are only persuasive authority, they are not binding.

[5] *Verizon Delaware* does not expressly address or specifically cite to Rule 15(a)(1) or Rule 15(a)(2), but the "liberal amendment" language used in *Verizon Delaware* is generally associated with Rule 15(a)(2). E.g. Brown v. Stored Value Cards, Inc., 953 F.3d 567, 574-75 (9th Cir. 2020).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Cal. Code of Civ. P. § 425.16 motion to strike (Doc. No. 22) is DENIED as moot;

2. Defendants' request for attorneys' fees and costs as requested in Doc. No. 24 is DENIED; and

3. Plaintiffs' request to strike Defendants' reply/notice of non-opposition (Doc. No. 28) is DENIED.

IT IS SO ORDERED.

Dated:   November 16, 2020

SENIOR DISTRICT JUDGE